UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-959-MOC-DCK

REECE PAUKEN, *individually and on behalf of all others similarly situated*,

    Plaintiff,

V.

AUTOBELL CAR WASH, LLC,

    Defendant.

**ORDER**

    This matter is before the Court by Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. (Doc. No. 9). The Court will grant the motion, having determined that consolidation is appropriate and interim counsel is necessary to clarify the responsibility for protecting the interests of the class during precertification activities.

    The Court finds that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach involving Defendant Autobell Car Wash, LLC, have many of the same claims, and have proposed class definitions that will encompass the same persons. Accordingly, the Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. The Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the parties' resources, as well as avoiding disparate rulings in separate actions.

    Accordingly, because this Court finds that Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") and Jessica A. Wilkes of Federman & Sherwood will

1

adequately represent the class and protect the interest of the class during precertification activities as interim lead class counsel and Scott Harris of Milberg will adequately represent the class and protect the interest of the class during precertification activities as interim liaison counsel, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. Related actions *Pauken v. Autobell Car Wash, LLC*, No. 3:24-cv-00959 (W.D.N.C.), and *Joe v. Autobell Car Wash, LLC*, No. 3:24-cv-01067 (W.D.N.C.), are consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (hereafter the "Consolidated Action").

2. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action, shall be consolidated with the Consolidated Action for pre-trial purposes As such, the parties are directed to notify the Court if they become aware of any future actions pending in this Court that they believe should be consolidated with the Consolidated Action.

3. All papers filed in the Consolidated Action shall be filed under Civil Action No. 3:24-cv-00959 and shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| *In re Autobell Car Wash, LLC Data Breach Litigation*,<br><br>This Document Relates to:<br>_____ | No: 3:24-cv-00959 |

4. The case file for the Consolidated Action will be maintained under Master File No. 3:24-cv-00959. When a pleading is intended to apply to all actions to which this Order

applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "3:24-cv-00959."

5. By virtue of this Consolidated Order, Defendant is not required to respond to the complaint filed in each individual case; Defendant's response deadlines with respect to those complaints are **STAYED**.

6. The Court hereby appoints Mariya Weekes of Milberg and Jessica A. Wilkes of Federman & Sherwood as interim lead class counsel to act on behalf of the Plaintiffs and the putative Class with the responsibilities set forth below:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class consistent with the requirements of the Federal Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

   e. Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

i. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

j. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

m. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

7. The Court hereby appoints Scott Harris of Milberg as interim liaison counsel with the responsibilities set forth below:

a. Maintain and distribute to co-counsel and to Defendant's liaison counsel an up-to-date service list;

b. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

c. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

d. Establish and maintain a document depository; and

e. Perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by lead interim class counsel.

8. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Amended Complaint ("CAC") within 30 days of this Order. Defendant need not respond to any of the previously filed complaints in the Related Actions and will respond to the operative CAC within 60 days after it is filed. If Defendant files a motion directed to the CAC, Plaintiffs will have 60 days thereafter to file an opposition, and Defendant will then have 21 days to file a reply.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel, (Doc. No. 9), is **GRANTED**.

Signed: December 31, 2024

Max O. Cogburn Jr
United States District Judge